### ANDREWS, Adm'r, v. HALL et al.

1. A decree of an orphans' court, which ascertains the interest of the several distributees of an estate, and directs their respestive distributive shares

Andrews, Adm'r, v. Hall et al.

to be set apart by commissioners, is such a final decree, as will authorize the revision of it on error.

2. When in the distribution of an estate in the orphans' court, it is made to appear, that an infant has been advanced, but not to the full amount of what would be its distributive share, the guardian *ad litem* of the infant, with the concurrence of the court, has the power to elect, and to bring such advancement into hotchpot.

3. When advancements have been made to distributees of an estate, in the life time of the decedent, and, on distribution such advacements are brought into hotchpot, the distributive share of the widow is not increased thereby, but must be carved *alone* out of the estate, of which the decedent died possessed, without reference to the advancements.

4. The widow of a decedent is a competent witness in a controversy, involving the amount of advancements for which each of the several distributees is accountable.

Error to the Orphans' Court of Dallas.   Before the Hon. A. S. Saffold, Judge.

THIS case arose out of a petition filed by Warren B. Andrews, administrator on the estate of Richard Hall, deceased, setting forth that he had in his hands, as the property of said estate, a number of slaves which were not needed for the payment of debts, and praying a division of them among the distributees.   A guardian *ad litem* was appointed for William A. Hall, an infant distributee.   When the case came on to be heard, it was made to appear to the court, that all the distributees, except Sarah Hall, the widow of the deceased, had, in the lifetime of the said Richard Hall, either by themselves or through those to whose distributive shares they had succeeded by right of representation, received advancements, but that the advancement for which the infant distributee was accountable, was less in amount than the distributive share which he would be entitled to after such advancement was brought into hotchpot.   The guardian *ad litem* thereupon, under direction of the court, elected, on behalf of said infant distributee, to bring his advancement into hotchpot, and the other distributees who had been advanced, made the same election for themselves.   The court having ascertained by evidence the advancement made to each distributee, proceeded to make the division, and decreed, among other things, that the widow of the deceased should, in the first place, re-

Andrews, Adm'r, v. Hall et al.

ceive one-fifth of the slaves, and *then* to the value of one-fifth of the aggregate amount of the advancements out of the remainder of them. In ascertaining the several advancements, Sarah Hall, the widow of the deceased, was admitted by the court as a witness.

The plaintiff now assigns as error—

1. That the court permitted the guardian *ad litem* to make the election for the infant distributee.

2. The decree made in favor of Sarah Hall.

3. The admission of Sarah Hall as a witness.

And the defendants in error move at the same time to dismiss the writ of error.

WM. HUNTER, for plaintiff in error.

1. The question of fact is, did not the orphans' court fix a lower value on William A. Hall's share than the evidence warranted? There were but three witnesses, and two of them set a much higher value—and these two witnesses do not give mere opinions, they state facts which show the real value, independent of their opinions—and they prove also, what was the estimate of William A. Hall himself. Mrs. Hall, the other witness, was incompetent, and she says she does not know what was the market value of slaves.

2. The question of law is, whether the widow is entitled to a distributive share of property brought into hotchpot. These authorities are referred to, as showing that she is not so entitled. Clay's Dig. 197, § 25, 26; 2 Wms. on Ex'rs, 919; Kircudbright v. Kircudbright, 8 Ves. 51; Stearns v. Stearns, 1 P. M. R. 157; Porter v. Collins, 7 Conn. 1; Lawton's case, 3 Dess. 199; Logan v. Logan, 13 Ala. 163.

3. As to the objection that this is not a final decree. 1. Both an appeal and a writ are taken. 2. But a writ of error would lie. Harrison, *ex parte*, 7 Ala. 736.

EVANS, contra.

1. The administrator cannot complain, that the infant, Richard Hall, son of W. A. Hall, was allowed, under the circumstances, to bring into hotchpot the advancement received by his father in his lifetime. The child, in this case, before he can be admitted to his father's distributive share,

must bring the advancement of the father into hotchpot. 2 Wms. on Ex'rs, 919. In this case, if no one can elect for the infant, he will be utterly without remedy. The election cannot prejudice the infant. He is not required to bring back the identical property, but to have his share diminished to the extent of the value of the advancement.

2. There could be no error in permitting Sarah Hall, the widow, to testify. If she had no interest in the advancement to be brought into hotchpot, she stood entirely indifferent. It was a contest among her children, by which she could be neither benefitted nor prejudiced. Besides, she gave. testimony only as to the value of one advancement, (that in which the infant, Richard, was concerned,) and this testimony was to reduce the value of the advancement, and was so against her interest, if she had any.

3. If the question arising under the 4th assignment of errors, has been concluded by the recent decision of this court, (in manuscript,) it is not proposed to cite authorities or offer argument on that point. But we insist that this is not such a final order or decree as a writ of error may be sued out on. It is a mere direction to commissioners, the principle of which may, or may not be acted on, or confirmed, on the final order of division in the cause. The question will properly arise on exceptions to the report of the commissioners.

5. The application is made by the administrator—all the orders are made at his instance, and he cannot now alledge any error in these orders, except for causes shown by a bill of exceptions.

CHILTON, J.—1. The decree in this cause made by the orphans' court, which ascertains the interest of the several distributees, and requires their respective shares to be set apart by commissioners, must be regarded as final, so as to authorize its revision on error. Such was the decision by this court in Harrison et al. *ex parte*, 7 Ala. Rep. 736; see also, Weatherford v. James, 2 Ala. 170; McKinley v. Irvine, 13 Ib. 681. The motion to dismiss the writ of error, is therefore overruled.

2. The statute requires, that when any of the children of a person dying intestate, shall have received from such intes-

tate, in his lifetime, any real or personal estate by way of advancement, and shall choose to come into the partition of the estate, such advancement, both of the real and personal estate, or the value thereof, shall be brought into hotchpot with the whole estate, real and personal, descended; and such party bringing into hotchpot such advancement as aforesaid, shall thereupon be entitled to his, her, or their share of the whole estate so descended, both real and personal. Clay's Dig. 197, § 25. In this case, Richard Hall, the grandson of the intestate, and who is entitled to the distributive share of his deceased father, William A. Hall, is an infant, under the age of twenty-one years, and the question is presented, can the guardian *ad litem*, or the orphans' court judge, or both, elect for him to bring into the estate, the value of the property received as an advancement by his deceased father, from the intestate. This question has never before come before this court, and is one not entirely free from difficulty.

There can be no question but that the law requires the child whose deceased parent has been advanced in his lifetime, to bring into hotchpot the share or its value which has been so advanced, before he is allowed to participate in the distribution of the intestate's estate, since, as the representative of his father, he could have no better claim than he would have had, if living. See 2 Williams on Ex'rs, 919; Proud v. Turner, 2 P. Wms. 560.

The statute confers upon the county court judges, "authority, within their respective jurisdictions, from time to time, to take cognizance of all matters concerning orphans and their estates." Dig. 302, § 28. The power is given to settle estates, and to require the children advanced to bring into the estate the sums advanced to them, &c. If the share to which the infant would be entitled, upon bringing the advance to his parent into hotchpot would exceed the value of the advance, then, being for the *interest* of the infant to take a distributive share, the power is lodged somewhere, as he cannot elect himself, to make the election for him. In England, the king as *pater patriae*, has the care of infants, and the court of chancery, to which that care is delegated, has a general control over them and their interests, whenever they

become wards of the court. Bertie v. Lord Falkland, 2 Vern. 333; 2 P. Wms. 119; 1 Mad. Ch. 331. In our country, the same authority is vested in the equity courts, having adopted the English rules of procedure so far as consistent with the genius of our institutions; in this State, however, it is manifest the legislature intended to confer upon the county court judges an enlarged jurisdiction over orphans and their estates, from the general language in which the act above copied is couched. And we think the orphans' court has power, concurrently with the court of equity, to direct an election in cases like the present, for the benefit of the infant. No good could result from driving the parties to a court of equity, and much delay and expense will be avoided by the exercise of the jurisdiction by the orphans' court; besides, such power seems to be inseparably connected with the proper discharge of the duties devolved by the statutes upon that court. See Gregg et al. v. Bethea, 6 Porter 9. There may cases arise where the jurisdiction of the orphans' court is inadequate to furnish relief, and the party must resort to a court of equity, but this is not one of them. It is an error to suppose that the office of a guardian *ad litem* is a mere sinecure. It often happens that he should seriously contest the plaintiff's claim. His duty requires him to acquaint himself with the rights, both legal and equitable of his ward, and to take all necessary steps to defend and protect them. If, in consequence of his culpable omission or neglect, the interests of the infant are sacrificed, he may be punished for his neglect, as well as made to respond to the infant for the damage sustained. Knickerbacker v. De Friest et al. 2 Paige, 304. It was the duty of the guardian *ad litem* in this case, to present to the court the right of his ward to contribution, and the circumstances and conditions connected with it, so that the court could protect him by making the election which was essential to his interest. This was done in the court below, and the action of the court is free from error.

3. The orphans' court however erred in permitting the widow to share in the estate brought into hotchpot. She is is not entitled to any share in advancements made by her husband to his children, unless real estate be advanced, in

which she may claim dower.   This point was expressly de-
cided by this court in Logan v. Logan, at the last term, and
we need not further notice it here.   It follows,. that as the
widow could not participate in the advancements made to
the children, she had no interest which could be affected by
her testimony, and was a competent witness as between the
administrator and distributees to prove the value of the ad-
vancements.

We should be inclined, from the proof set out in the record,
to place a higher estimate upon the slaves advanced to Wm.
A. Hall, than was affixed by the judge below, but as the case
must go back, and additional proof may be taken, an opin-
ion upon this point in the cause becomes unnecessary.

Let the judgment be reversed and the cause remanded.