MERRILL ET AL. *vs.* RHODES AND WIFE.

[CONTEST AMONG DISTRIBUTEES RESPECTING ADVANCEMENTS.]

1. *Advancement presumed from gift; admissibility of donor's declarations.*— Gifts from a parent to his child are presumed to have been intended as advancements, unless the contrary appears from the nature of the gift; but this presumption may be rebutted, by proof of the contemporaneous declarations of the donor; and his declarations in reference to other gifts, the character of which is not directly in issue, may also be admissible, as tending to show his fixed and general policy in reference to gifts to his children.

APPEAL from the Probate Court of Covington.

IN the matter of the final settlement of the estate of Jacob Merrill, deceased, on the trial of an issue between Josiah Rhodes and wife, Green Franklin and wife, Samuel T. Smith and wife, Robert Davis and wife, and Rebecca Merrill, as plaintiffs, and Green B. Merrill, Henry M. Merrill, Thomas L. Merrill, and William R. Merrill, as defendants, respecting the nature of certain gifts of property, made by the decedent in his life-time to each of said defendants, which the plaintiffs insisted were intended as advancements, and not as absolute gifts.   On the trial of this issue before a jury, as the bill of exception shows, " the plaintiffs proved, and read in evidence to the jury, certain deeds, made by the intestate to the defendants, of which the following are copies" :

" State of Alabama,      ⎫   Know all men, by these
       Covington County.  ⎭  presents, that I, Jacob Merrill, of the State and county aforesaid, for and in consideration of the natural love and affection which I have and bear to Greene Berry Merrill, of said county and State, as well as for the further consideration of the sum of one dollar, to me in hand paid by the said Greene Berry Merrill at and before the ensealing and delivery of these presents, (the receipt whereof is hereby acknowledged,) have given and

29

granted, and, by these presents, do hereby give, grant, and confirm, unto the said Greene Berry Merrill, and to his heirs and assigns forever, all that messuage," &c., particularly describing a tract of land containing one hundred and twenty acres; " to have and to hold the above-described land and tenements, with all and singular the appurtenances unto the same in any wise belonging, unto the said Greene Berry Merrill, his heirs, executors, administrators, and assigns, in fee simple.. And I, the said Jacob Merrill, for myself, my heirs, executors, administrators, and assigns, and from all and every person whatsoever, hereby warrant and defend the same by these presents. In witness whereof," &c. (Dated the 30th January, 1850, and attested by two witnesses.)

"The State of Alabama, ⎫ Know all men, by these Covington County. ⎭ presents, that I, Jacob Merrill, of the county and State aforesaid, for and in consideration of the natural love and affection which I have and bear unto my son, Greene Berry Merrill, and to his two minor children, Marian Merrill and Thomas Hezekiah Merrill, and for other good and sufficient causes me thereunto moving, and also for the further consideration of the sum of one dollar, to me in hand paid, at and before the ensealing and delivery of these presents, (the receipt whereof I do hereby acknowledge,) have given and granted, and, by these presents, do hereby give and grant, unto the said Greene Berry Merrill, for and during his natural life, one negro boy slave, by the name of John; and from and after the death of the said Greene Berry Merrill, I give and grant the above-named slave, John, to the said Marian Merrill [and] the said Thomas Hezekiah Merrill, their executors, administrators, and assigns, forever. And the said Jacob Merrill,. for himself, his executors, administrators, and assigns, the said negro boy, unto the said Greene Berry Merrill, Marian Merrill, and Thomas Hezekiah Merrill, their executors, administrators, and assigns, against the claim of him, the said Jacob Merrill, and against the claim or claims of all and every other person or persons

whatsoever, shall and will warrant and forever defend by these presents. In witness," &c. (Dated the 30th January, 1850, and attested by two witnesses.)

"The other deeds, to the other parties, were all precisely of the same tenor and effect. After the introduction of said deeds, which were read to the jury, the value of the property being admitted, and also that the defendants were in possession of the same, the plaintiffs rested. The defendants then offered as a witness Josiah Jones, (who wrote said deeds, and was a subscribing witness to the same,) to prove that, at the time of the execution of the deeds, the decedent said, that the property therein mentioned was given to the parties as separate and independent gifts, and not as advancements; that he intended his sons to have the lands mentioned in the deeds, independent of their distributive shares in his estate; and that the negroes which he had given off to each of his children, including plaintiffs as well as defendants, were separate and independent gifts, and not intended by him as advancements. The plaintiffs objected to the introduction of this testimony, the court sustained the objection, and the defendants excepted.

"The defendants also offered as a witness Mrs. Holland Merrill, (the widow of the deceased, and the mother of the parties,) to prove that, before and at the time these deeds were executed, the decedent said, that he intended his sons to have the lands mentioned in the deeds more than his daughters; that he gave them the said lands as independent gifts, and not as advancements; that the slaves which he had given off at the same time, by deeds, to all his children, plaintiffs and defendants, (and which were also before the jury,) he intended as independent gifts, and not as advancements; that he intended the said gifts of lands and negroes to stand as he had made them, and that he desired such other property as he might have at the time of his death to be equally distributed among his children. The plaintiffs objected to the introduction of this evidence, and the court sustained the objection; to which the defendants excepted.

"The court charged the jury, at the instance of the plaintiffs, that said deeds, being the only evidence before the jury, are presumptive evidence of advancements in themselves ; to which charge the defendants excepted."

The rulings of the court on the evidence, and the charge to the jury, are now assigned as error.

WATTS, JUDGE & JACKSON, for appellants.
BAINE & NESMITH, *contra.*

A. J. WALKER, C. J.—The entire evidence of the witness, Jones, which the court excluded, was admissible. It consisted of the declarations of the deceased parent of the parties, as to his intention in reference to the question of advancement; which declarations were made at the time of the gifts, the character of which is in controversy. The rule is, that the law presumes gifts from the parent to his child to be advancements, unless the contrary appears from the nature of the gift. But this presumption may be rebutted ; and the contemporaneous declarations of the donor are admissible for that purpose.—*Mitchell v. Mitchell*, 8 Ala. 414 ; *Butler v. Mer. Ins. Co.*, 14 Ala. 777 ; 3 Greenl. Ev. § 366 ; 2 Phil. Ev. (C. & H. notes, ed. 1859,) 705. That part of the declarations proved by the witness Jones, which had reference to other gifs of property, the character of which seems not to have been directly involved, contributed, in the connection in which they were spoken, to show that the making of the gifts at that time, with the intention that they should not be advancements, was carrying out the fixed and general policy of the donor; and in that point of view, if in no other, were admissible. The reasons above stated are alike applicable to the testimony of Mrs. Merrill, except so far as it had reference to the past declarations of the donor. As to antecedent declarations of the donor, we do not deem it necessary to decide any thing.

Decree reversed, and cause remanded.