[Malone v. Malone.]

# Malone v. Malone.

*Final Settlement of an Administration.*

1. *Advancements; what and how ascertained; mere gift not advancements.*—All gifts of a parent to children are not necessarily advancements. The intention to treat them as advancements must in some way appear, or it must at least be shown, when viewed in the light of surrounding circumstances, that the gifts were made in anticipation of the future share of the child or children in the estate of the parent; and, in determining whether advancements have been made, the mode prescribed by statute (Code, §§ 1925-1935) for ascertaining the fact and the value of them is exclusive, and a charge for advances made on final settlement of an administration by the personal representative of a decedent, being not within the purview of the statute, is without authority of law.

2. *Claim of administrator for maintenance of decedent's child.*—A claim by a mother, as the administratrix of her deceased husband's estate, for the maintenance of her deceased minor child, who was a distributee of her husband's estate, must be established by that degree of evidence which would support an action at law for its recovery by the mother against the child; and where there was no separate account of the claim for maintenance filed by the administratrix, nor was it shown that such an account had been kept, and where it appears that said son was a cripple and resided with his mother for three years, together with her other minor children, as a member of her household, and that the administratrix did not assert any claim for his maintenance during his life time, and that 16 years have elapsed since the claim matured, said claim is properly disallowed.

APPEAL from the Probate Court, of DeKalb.

Heard before the Hon. W. C. D. Cook.

The appeal in this case was prosecuted by the appellants as administrators, from a decree of the probate court refusing to allow certain claims in their final settlement of the estate of George W. Malone, deceased, against the distributive share of Wallace C. Malone. The facts of the case are sufficiently stated in the opinion.

DAVIS & HARALSON, for appellant.—1. On final settlement of an administration, the administrator is entitled to a credit against the distributive share of a dis-

tributee for the reasonable value of board and clothes furnished an infant distributee, while living with the administrator, when the infant has no other property than his distributive share in said estate.—*Glover v. Hill*, 85 Ala. 41.

2. As to advancements, the rule of law under our statutes and laws is "That when money or property is given by a parent to his child, it will be presumed to be an advancement under the statute, unless the nature of the gift repels such presumption."—Code of 1886, §§ 1925–1930 ; *Fennell v. Henry*, 70 Ala. 484.

No counsel marked as appearing for the appellee.

BRICKELL, C. J.—This was the final settlement of the administration of the estate of George W. Malone, deceased, had in the court of probate at the instance of his administratrix and administrator. The administratrix and administrator proposed to charge the distributive share of Wallace C. Malone, a deceased distributee, with the value of a horse claimed to have been an advancement to him by the intestate. They also proposed to charge him with the feeding of the horse, and with board and clothing furnished him during his minority by his mother, the administratrix. The court of probate refused these charges, and the rulings of the court in this respect, form the matter of the bill of exceptions, and of the assignments of error.

The statute, (Code, §§ 1925–35), with much of precision, designate the mode in which the fact is to be ascertained whether an intestate in his life made an advancement to a child or other lineal descendant, and the mode in which the value of such advancement is to be ascertained. The whole matter of advancements, and the accounting for them on the final distribution of an estate, is statutory ; and the mode prescribed by the statute for ascertaining the fact and value of them is exclusive.—*Mitchell v. Mitchell*, 8 Ala. 414. A charge of them on the final settlement of an administration of the personal representative, is not within the purview of the statute, and is without authority of law. Considering the circumstances under which the father gave the horse to a crippled, paralyzed child, it may well be doubted whether it was not one of those gifts which are not con-

sidered as advancements. A mere gift is not an advancement; it must be made in anticipation of the future share of the child in the estate of the parent.

The statutes, (Code, §§ 2159–60), authorize a personal representative of a solvent estate, from the assets in his hands, to defray the necessary and reasonable expenses of maintaining and educating a distributee who has not a legal guardian; and entitle him to a credit for such expenses, on any final or partial settlement, to be charged against the distributive share of such survivor. Of such expenses, the personal representative is required to file a separate account, accompanied by proper vouchers, showing the amounts, and for what expended.

There was not a separate account of the claim for maintenance filed by the administrator and administratrix, nor was it shown that such an account had been kept. As the claim was presented it was not for expenditures by either of the personal representatives of and from the assets in their hands for administration. It was the mere individual claim of the administratrix for maintenance of a minor child, a member of her household. Such a claim, it may be, if not within the letter, is within the equity of the statute. Or if it is not, under particular circumstances, there may be a retainer for its payment from the distributive share of the child. But in either case, the claim must be established by that degree of evidence which would support an action at law for its recovery by the mother against the child. The fact is shown that for about three years after the death of the intestate, and the grant of administration, the son resided with his mother, and, with the other minor children, was a member of her household. He was paralyzed, unable to work, could not walk, and was compelled to ride if at any time he left home. If prior to his death, or prior to this settlement, the mother preferred or asserted a claim against him for the maintenance, the fact is not shown. There was a period of more than sixteen years between the time of the last charge for maintenance and the filing of the accounts for settlement. There had been partial settlements of the administration, but it was not shown whether on either of such settlements the claim had been preferred, or, if preferred, that it had not been allowed and satisfied. The evidence shows the fact that the son was maintained by the mother,

and the reasonable value of the maintenance. But it does not show that the maintenance was furnished with the intent to require payment for it. The more reasonable inference from all the evidence is, that it was furnished gratuitously, in consideration of the helpless condition of the son. In any event, the claim is stale; it is not a claim for disbursements from the assets made by the mother in her representative capacity, and is subject to the operation of the statutes of limitation, and all the presumptions arising from the lapse of time.

The decree of the court below must be affirmed.