# Caldwell *v.* Caldwell, Adm'r, Etc.

*Settlement by Administrator.*

1. *Debt of distributee set off against his share of the estate; no judgment against him for excess.*—Under the Code, Sec. 239. the probate court is required on final settlement of an executor or administrator to set off against the distributive share of a distributee any debt owing the estate by him, contracted with the decedent in his life time or with the executor or administrator in his representative capacity; but should the debt of the distributee exceed in amount his distributive share of the estate, judgment or decree for the excess cannot be renderd in that court.

2. *Same; error without injury.*—If on a final settlement of his account in the probate court a decree is rendered in favor of an executor or administrator for the excess of a debt due the estate by a distributee over the amount of his distributive share, and it is apparent that no injury resulted in stating the amount of the indebtedness owing by the distributee in the decree and none could possibly result, the decree will not be disturbed should it appear that the amount of the indebtedness as stated in the decree is too large. Whenever the amount of his indebtedness is confessedly in excess of his distributive share, there is no error of which he can be heard to complain, since the decree for the excess in favor of the administrator has no binding force.

3. *Distributee is bound by award of arbitrators although he withdraws from the hearing.*—If distributees of an estate, being of full age, submit to arbitration the question of the amount in which they are indebted to the estate, and one of the dis-

[Caldwell v. Caldwell, Adm'r, Etc.]

tributees after attending with his counsel before the arbitrator, and being accorded a hearing for two days, withdraws and refuses to further participate—no fraud or unfairness being charged—he is bound by the award made by the arbitrator the same being fairly responsive to and within the issues presented to him in the written submission.

4. *Immaterial whether an arbitrator calls the indebtedness of a distributee a debt or an advancement.*—Whether the arbitrator, in an arbitration by the administrator of an estate and the heirs, calls the amount due from an heir a debt or an advancement is not material when the award is offered in evidence on the final settlement of the estate—it was a matter as to which the arbitration proceeding was conclusive.

APPEAL from the Probate Court of Jackson.

Tried before the Hon. W. B. BRIDGES.

D. K. Caldwell as the administrator of Hamlin Caldwell, deceased, made his final settlement in the probate court. It appeared that one of the distributees, E. H. Caldwell, was indebted to the estate in an amount larger than his distributive share. This excess of his indebtedness over his distributive share was stated in the decree rendered on the settlement of the administrator and is claimed by E. H. Caldwell to be excessive. The amount of his indebtedness to the estate was ascertained in this way:

It was agreed by the distributees of the estate, they being of full age to submit to arbitration the question of the amount which each owed the estate. This was done. The arbitrator proceeded to hear the matter submitted to him and to take evidence thereon, and after proceeding for two days, E. H. Caldwell withdrew and refused further to participate. The arbitrator made his award in regular form and returned it to the probate court. On the final settlement the court accepted this award as conclusive of the matter submitted to the arbitrator, and thus ascertained the amount of the indebtedness of E. H. Caldwell to the estate, which amount being greater than his distributive share he was not allowed to participate in the distribution of the assets. The probate court rendered a decree against him for the excess of his indebtedness over his distributive share.

[Caldwell v. Caldwell, Adm'r, Etc.]

R. W. Clopton and Tally & Proctor, for appellant. The award could only establish an indebtedness, and it was error in the probate court to hear evidence of an advancement.—*Fennell v. Henry*, 70 Ala. 484; *Gray's heirs v. Gray's adm'rs*, 22 Ala. 233.

J. E. Brown, *contra*, cited the following authorities to show that the award of the arbitrator was binding on the appellant and the probate judge: *Tuscaloosa Bridge Co. v. Jimison*, 33 Ala. 476; *Willingham & wife v. Harris*, 36 Ala. 583; *Brewer v. Bain*, 60 Ala. 153; *Payne v. Crawford*, 97 Ala. 604. (2). The question of advancements or debts was settled by the award.—*Norwood v. M. & C. R. R. Co.*, 72 Ala. 563; *Brewer v. Browne*, 68 Ala. 210; *McGee v. Leeman*, 65 Ala. 361.

TYSON, J.—Section 239 of the Code requires on a final settlement of an estate, by an executor or administrator, the probate court to allow such executor or administrator as a set-off against the distributive share of a distributee any debt owing the estate by such distributee contracted with the deceased in lifetime or with the executor or administrator in his representative capacity. Should, however, the amount of the debt exceed the distributive share, no decree can be rendered in favor of the executor or administrator for the excess, but he will have to resort to the proper forum to collect this excess due him from such distributee.—Code § 240.

It is obvious that the decree ascertaining the amount owing by a distributee to the estate as to the excess is not binding in another court where a suit is instituted by an executor or administrator to recover this excess. The only jurisdiction conferred upon the probate court is to ascertain that the distributee's indebtedness is equal to or exceeds his distributive share. And it may be that the proper practice under these sections would be for the probate court to simply ascertain that the distributee's indebtedness to the estate exceeds the distributive share of such distributee, and that it is set off in favor of the executor or administrator against his distributive share, and he be not allowed to participate in the distribution of the estate. But when it is apparent that

no injury resulted in stating the amount of the indebtedness owing by the distributee in the decree and none could possibly result, the decree will not be disturbed should it appear that the amount of the indebtedness as stated in the decree is too large. Whenever the amount of his indebtedness is confessedly in excess of his distributive share, there is no error of which he can be heard to complain.

We entertain no doubt that the award was binding upon the appellant. It appears there was a written submission of the matters in dispute between the parties, that each appeared before the arbitrator and each was accorded a hearing. The appellant after attending upon the sittings of the arbitrator for two days, accompanied by his counsel withdrew and refused to further attend and participate. No fraud or unfairness is charged or shown. The award rendered by the arbitrator was fairly responsive to and within the issues presented to him in the written submission and its rendition was conclusive upon the appellant. The very matter he now complains of here, was fairly and impartially, so far as we are advised, adjudged by the arbitrator, and his indebtedness to the estate ascertained to be quite forty times the amount of his distributive share in the estate.

Much stress is laid upon the word "advancements" as found in the decree and used by the witnesses in their testimony. It may be conceded it was improvidently used, but after all practically it is of no consequence whether his indebtedness to the estate arose out of "advancements" made to him by his father or debts due by him to his father. The only material difference between the two, so far as the settlement is involved, is, advancements do not bear interest and debts do. Had the entire amount of his indebtedness to the estate arisen out of advancements made by his father, it would still have been the duty of the probate court to have excluded him from any further participation in the division and distribution of the estate, if the amount of such advancement was equal to or exceeded his share.—Code, § 1464.. However, as to all these matters the arbitration proceeding was conclusive and there was no error in admitting the award in evidence.

[Brightman & Co. v. Merriwether *et al.*]

This renders it unnecessary to consider the other numerous assignments of error, since, upon this award, the court could have properly ascertained the amount of appellant's indebtedness to his father's estate to be the sum named in the decree.

Decree is affirmed.