(85 South. 270)

## GLOVER v. WOODWARD. (7 Div. 55.)

(Supreme Court of Alabama. Feb. 5, 1920.)

Descent and distribution ☞99—No advancement by purported deed not passing title.

Since there must be a perfected gift before inquiry into the donor's intention to make an advancement, under Code 1907, § 3767 et seq., may be made, a petition to charge an heir with an advancement of a certain number of acres of land was properly denied, where the instrument relied on as effecting the advancement was wholly void as a conveyance of title because the grantor could not write his name, and only one witness who could and did write his name attested the paper; section 3355 requiring, in such case, that both witnesses shall be able to and shall write their names as witnesses.

Appeal from Probate Court, Calhoun County; Thomas W. Coleman, Jr., Judge.

Petition of Katherine Glover, as an heir of the estate of George Woodward, deceased, then being administered in the probate court by A. B. Sawyer as administrator, to charge Andrew Woodward with an advancement of 20 acres of land as equivalent to his portion or share in the estate. From a decree denying the petition, petitioner appeals. Affirmed.

T. C. Sensabaugh and C. H. Young, both of Anniston, for appellant.

The court erred in excluding the deed as evidence. Sections 1 and 4289, Code 1907. If the court had proceeded to charge the land as an advancement, the title would have been perfected. Section 3767, Code 1907. A parent may give lands to his son's wife as an advancement of the son's share, with the knowledge and consent of the son. 18 Ala. 176; 111 Ala. 312, 20 South. 356, 56 Am. St. Rep. 52; 143 N. Y. 213, 38 N. E. 199.

R. Lapsley, of Anniston, for appellee.

The court properly denied the petition, as the deed was wholly an operative one. 22 Ala. 233; 127 Ala. 185, 28 South. 674; section 3770, Code 1907.

McCLELLAN, J. The issue in contest was whether an "advancement" had been made by George Woodward to the wife of (and on account of) his son Andrew Woodward, with-

in the rule of our statute governing that subject. Code, § 3767 et seq. Twenty acres of land, owned by George Woodward in his lifetime, was asserted to be the advancement chargeable against the share of Andrew in his father's estate. The instrument relied on purported to be a deed from George to Andrew's wife. It was wholly void as a conveyance of the title because George Woodward could not write his name, and only one witness who could and did write his name attested the paper; Code, § 3355, requiring, in such circumstances, that both witnesses shall be able and shall write their names as witnesses. The instrument being void, incapable of passing the title to the land from George Woodward, the gift, the asserted advancement, was not perfected. Fennell v. Henry, 70 Ala. 484, 486, 45 Am. Rep. 88; 1 R. C. L. pp. 660, 661; Grey v. Grey, 22 Ala. 233. There must, of course, be a "perfected" gift before inquiry into the donor's intention in the premises may be made. The title to this land, not having been divested in accordance with the exclusive method prescribed by law (Henderson v. Kirkland, 127 Ala. 185, 186, 28 South. 674), remained in George Woodward, and upon his death passed to his heirs at law, unless as is not suggested, he otherwise disposed of it. The rulings of the court below consist with these considerations and conclusions, and were therefore free from error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes