Gunn *vs.* Barry.

---

JOHN McK. GUNN, plaintiff in error, *vs.* CHARLES F. BARRY, sheriff, defendant in error.

Where a party petitioned the Court for a *mandamus nisi* against the sheriff to compel his levy of a *fi. fa.* placed in his hands upon a homet stead of realty set apart under the law, upon the ground that the Ac- of 1868, so far as it prevented the levy of a *fi. fa.* on such property or a judgment *fi. fa.* in existence before the setting apart of such home-

stead, and granted a larger amount of exemption than existed under the law at the time of the contract, was unconstitutional and void, and the Court held the act valid, and refused the *mandamus : Held,* That this was not error in the Court, under the rulings of the Court affirming the constitutionality of the Act, and protecting the sheriff from rule on account of its provisions from his refusing to levy said *fi. fa.* McCay, Judge, dissenting.

Homestead Act.  Retroactive legislation.  Before Judge HARRELL.  Randolph Superior Court.  May Term, 1871.

In 1866, Gunn obtained a judgment against Hart, and *fi. fa.* issued thereon.  Under the Homestead Act of 3d of October, 1868, Hart had certain lands set apart as his homestead.  Subsequently, Gunn tried to get the sheriff to levy his *fi. fa.* on said land, but he would not, only because the same had been so set apart.  Gunn, reciting these facts, asked the Court for a *mandamus* to compel such levy, upon the ground that, as to this prior indebtedness, said Homestead Act was not operative under the Constitution of the United States.  The Court held it was, and refused to grant the *mandamus.*  That is assigned as error.

JOHN T. CLARK ; HOOD & KIDDOO, for plaintiff in error.

No appearance for defendant.

LOCHRANE, Chief Justice.

The question presented by the record in this case has been heretofore decided, as to its merits, by the previous adjudications of this Court, and, upon the doctrine of *stare decisis,* we concur in the ruling made upon this subject.  The only matter before the Court is, whether our brother below erred in refusing a *mandamus* compelling the sheriff to levy a *fi. fa.* in his hands upon property set apart as a homestead under a *fi. fa.* in existence previous to the setting apart of such property as a homestead.  And within the previous adjudications of the Court upon this subject we are of opinion that the

Gunn *vs.* Barry.

Court committed no error in refusing to command the sheriff to commit a trespass ; for equity restrains trespasses, and the Courts will not by *mandamus* command their perpetration.

Judgment affirmed.

WARNER, Judge, concurring.

If this was an original question in this Court I should unquestionably hold that the judgment of the Court below should be reversed, but as a majority of this Court have repeatedly held and decided that the Homestead Act was a valid and constitutional Act as against judgments obtained prior to its date, and as the plaintiff in error desires an affirmance of the judgment of the Court below of this Court, so as to enable him to prosecute a writ of error to the Supreme Court of the United States so as to have the question finally determined, I am unwilling that he should be *obstructed* and *prevented* from the exercise of that right by the action of this Court on mere *technical* objections not affecting the main question in the case, and which were not made or decided by the Court below.   For these reasons, I concur in the judgment of this Court, affirming the judgment of the Court below.

McCAY, Judge, dissenting.

Where a *mandamus nisi* was prayed for by a plaintiff in execution to compel a sheriff to levy a *fi. fa.*, and it was stated in the petition that the petitioner was the holder of a *fi. fa.* founded on a debt contracted before the adoption of the Constitution of 1868, that he had directed the sheriff to levy on a certain parcel of land as the property of the defendant, that the sheriff had refused, giving as his reason that the land had been set apart, under the Constitution of 1868, as a homestead for the family of the defendant, that the defendant had no other property, and that the land set apart contained two hundred acres, it was error in the Court to refuse to grant the *mandamus nisi.*

It was the duty of the sheriff to make the levy. If he would apparently be a trespasser he had a right to ask a bond of the indemnity from the plaintiff. But it is the right of the plaintiff to have the levy made, that the questions between the parties may be settled by litigation between themselves, and not between the plaintiff and the sheriff, who has no right to make the issue.

The Court should have granted the writ on condition that the plaintiff give bond to indemnify the sheriff in case the levy should be found to be a trespass, and he be held responsible for damages.