McCay, Judge.
However decided may be my personal protest against the decision of the Supreme Court of the United States in the case of Gunn vs. Barry, yet, as that Court, upon questions of this character, is an appellate tribunal, having power under the laws to review and reverse the judgments of this Court, I feel it to be my duty to conform my judgments in other cases turning on the same point to that decision. It is argued that this case differs from Gunn vs. Barry — that then there was a judgment — a vested right in Gunn before the Constitution of 1868 was adopted, whilst in this case the plaintiff has only his note.
It is true that the decision alluded to does say that the effect of the Constitution of 1868 is to divest a vested right in Gunn, but that must be taken as only collateral to the main point. The right of the Supreme Court to pass upon the question at all depends entirely upon the supposed antagonism between the homestead law and that clause of the Constitution of the United States which declares that no State shall pass any law impairing the obligation of contracts. If our homestead law *does not do that the Supreme Court has nothing to do with the question. A State may, as that Court has formally held, divest a vested right if it so please. The Constitution of the United States does not at all interfere with its right to do so, provided that right is not vested by contract. It follows, therefore, that if the decision of Gunn vs. Barry is right —and we must take it to be so — it is only because the homestead law of Georgia, so far as it relates to debts contracted before its passage, impairs the obligation of the contract between the parties. That contract was made at the date of the note, and does not depend on the judgment. There is, therefore, nothing in this case to distinguish it from the principle decided in Gunn vs. Barry, though it is true that the decision there covers other grounds.
I dissent myself from the opinion of the Court on all' the grounds it takes, but as I have said, its judgment' upon that ground, which it was authorized to pass on, is controlling, and I feel bound to conform to it in like cases.
Judgment reversed.