JOHN T. GRANT, plaintiff in error, vs. HENRY H. COSBY, defendant in error.

1. A purchaser of a homestead set apart under the act of 1868, takes it subject to any judgments against the head of the family, existing at the time of the purchase, if they be founded on contracts entered into by him previously to the adoption of the constitution of 1868.
2. Whether such purchaser is subrogated to the right of the debtor to set up the homestead allowed by the Code or by the act of 1823? *Quære*.

Homestead.   Judgments.   Before Judge JAMES JOHNSON. Talbot Superior Court.   September Term, 1873.

John T. Grant obtained judgment against Amos & Walton at the March term, 1867, of Talbot superior court, for $123 00 principal, $18 29 interest to that date, and costs of suit.   On December 30th, 1868, the execution based on this judgment was levied upon a lot as the property of Amos.   Sale was suspended on account of a homestead having been set off to the family of Amos on February 1st, 1869.   On June 2d, 1873, Cosby filed a claim to the property levied on.   This claim was based on a conveyance for a valuable consideration to Cosby by Amos and his wife, of the homestead, dated January 22d, 1872.   The court charged the jury that under the aforesaid circumstances the lot was not subject to the execution, and a verdict was returned accordingly.   Plaintiff excepted to said charge.

W. A. LITTLE; E. H. WORRILL, for plaintiff in error.

MARION BETHUNE; J. M. MATTHEWS, for defendant.

McCAY, Judge.

1. This case was decided by the court below before the publication of decision of the supreme court of the United States in Gunn vs. Barry, and must be controlled by it.   The debt and the judgment were both in existence before the homestead was laid off, and before the constitution of 1868, providing for the $2,000 00 homestead, was adopted; and as

Grant *vs.* Cosby.

to this creditor, the effect of the homestead clause is to impair the obligation of the contract of the defendant with him.

2. It was argued that the purchaser of the homestead was, as this was a town lot, entitled to stand in the shoes of the debtor, and as he would be entitled to have $500 00 of the proceeds invested in a homestead, that the jury might decree the property to be sold, and such disposition made of the proceeds as would substitute the claimant to that right. But no such point was made on the trial, and the pleadings were not put in a shape to authorize such a decree, even if the claimant were entitled to it. Nor did sufficient facts appear to justify it. It may be that the defendant has plenty of other property, and we think the homestead of the Code is only allowed when the debtor is insolvent. We do not, therefore, decide the question made, though a strong argument may, as I think, be made in favor of such right. It is not clear to *me* that the act of 1868 is void against any old debt, except in cases where it has operated to impair the obligation of the contract he holds, and if the homestead actually obtained by the debtor be no more than was allowed him under the law at the date of the contract, I do not see how his contract is impaired. Nor is it clear to me that the act is void as to any particular creditor, except so far as it impairs the contract, so that the argument is a fair one that a homestead under the act of 1868, is good even against an old debt when it is no larger than was allowed by law at the date of the contract, and good also for as much as was allowed, and only void for the excess. If this be so, the claimant has a legal right to $500 00 of this lot, and in all cases a purchaser would have a right to have the fifty acres allowed by the act of 1843 set off out of the tract. His money has bought the debtor's homestead, and has been, perhaps, invested in another homestead, and I can see great equity in this subrogation. The supreme court of the United States has only power to say that the law of a state is void in so far as it interferes with the creditor's contract. If it does not interfere in the particular case or only interferes partially, it is only void so

far as it does interfere.   This, however, is only my own view, and the court is not responsible for it.

Judgment reversed.