# Mobile & Girard Railroad Company v. D. & S. A. Williams.

### Action against Carrier for Failure to deliver Goods.

1. *Complaint on appeal from justice's court; when sufficient.*—The statement which the plaintiff in an action is required to file, on appeal from the judgment of a justice of the peace, is not subject to technical rules of pleading ; it is sufficient if it discloses a substantial cause of action.

2. *Action ; when properly brought in name of consignee.*—An action against a common carrier for failure to deliver goods entrusted to it, is properly brought in the name of the consignees alone, although they are prosecuting the suit for the benefit of another, whom they hold liable for the value of the goods.

3. *Mode of dealing ; when proper to prove.*—Evidence of a party's course of dealing is always admissible evidence against him, when relevant to any fact to be ascertained by the jury—*e. g.*—it may be shown in an action against a carrier, for failure to deliver goods, for which it produces the consignee's receipt, that its course of dealing was to demand payment of freight, and a receipt for the goods, before delivering them.

4. *Witness ; evidence of general character of ; when inadmissible.*—Where there has been no impeachment of the character of a witness, the fact that there is material conflict between his testimony and that of other witnesses, furnishes no ground for admitting evidence of general good character in his support.


APPEAL from Circuit Court of Pike.

Tried before Hon. H. D. CLAYTON.

The appellees, D. & S. A. Williams, composing a mercantile firm, doing business under that name, brought suit in a justice's court against the appellant to recover seventy-nine and 20-100 dollars, for failure to deliver a case of boots, received for transportation to the appellees.

The justice rendered judgment against them, and they appealed to the circuit court. In that court, they filed a complaint containing two counts. The first count claimed of the defendants, "seventy-nine dollars as damages for the failure to deliver certain goods, to-wit: one case of boots, received by them as common carriers, to be delivered to the plaintiff at Troy, Pike county, Alabama, for a reward, which they failed to do."

The second count claimed damages to a like amount, "for the failure to deliver certain goods, to-wit: one box or case of fine boots, received by them as warehousemen, on or about September 6th, 1872, at Troy, Pike county, Alabama, which goods defendant undertook and agreed safely to keep and to deliver to plaintiffs or their agents, within a reasonable time, if called for by plaintiffs or their agents," and defend-

ant, although often requested so to do, failed to deliver said goods, to the damage of plaintiffs, seventy-nine 20-100 dollars." Appellant demurred to each count, on the grounds that the complaint filed was for a greater amount than the justice had jurisdiction of, in actions of this character, and that the circuit court had no appellate jurisdiction of such a cause of action. The demurrer was overruled. A trial was then had, on issue joined on the "plea of the general issue, with leave to give in evidence any matter which might be specially pleaded in defense."

The testimony for the plaintiffs went to show that they purchased 21 boxes and cases of boots and shoes in New York, giving directions to have them, and other freight, shipped by steamer to Savannah, Ga., and thence over the Central Railroad of Georgia to defendant at Columbus, and thence over its road to Troy, Ala. All the testimony showed that the entire lot of goods purchased, with the exception of the case of boots, were delivered by defendant's agent at Troy. The evidence was conflicting as to whether the case of boots in question was not also delivered at the same time with the other goods.

The defendant introduced the plaintiffs' receipt for the goods, which showed the delivery of all the goods shipped, except one box of *hardware*, marked "short."

The plaintiff introduced the receipt given by the railroad company for the freight on the same articles, which also showed that one box of *hardware* was ¦marked "short." [It is probable that in making out the transcript, the word "short" was copied opposite the words "box of hardware," through mistake as to its proper place. The box of hardware was among the goods received, and there was no claim for it.—REP.] The testimony for the plaintiffs showed that it was the custom of defendant to demand payment of freight and a receipt for the goods before delivery; that they accordingly paid freight and receipted for the goods before any of them were delivered, and that one box of boots had never been received. Their place of business was some distance in the country, and their goods were hauled to them by one Carlisle, their wagoner and agent. He testified that he delivered all the goods received from the railroad company, and that he had never lost any goods in hauling.

The agent of the railroad company testified that the receipt signed by Williams for the goods was made out the day before, and that the box of shoes or boots marked "short" in pencil on the receipt, was misplaced in moving the goods from the cars to the depot, before Williams receipted for them. [No box of shoes or boots is marked short on the

receipt, although doubtless intended to be so marked, instead of opposite the word "hardware."—REP.] After the receipt was delivered to Williams and he had left, witness found the box among some goods for S. A. & D. Williams, and gave it to plaintiffs' agent and wagoner, Carlisle; but the plaintiff never sent the receipt back to have the pencil mark, "short," erased.

During the progress of the trial the plaintiffs introduced one Beauchamp, who testified that "it was the custom of the defendant to require of merchants in the city of Troy to receipt for all goods shipped to them over defendant's road before any portion of them were delivered, and when goods were short, they were so marked on the receipt, and merchants were required to return said receipts, and the word "short" was marked out when said goods were delivered, but witness did not know what was the custom as to country merchants."

The defendant objected and excepted to the admission of this testimony, and afterwards moved to exclude it from the jury, on the ground that it was not a general custom, and did not apply to country merchants, and was illegal and irrelevant. The court overruled these various objections and refused to exclude the testimony.

The plaintiffs then introduced S. A. Williams, and proposed to prove by him, that at the time the defendant gave him a receipt for payment of freight on certain articles delivered to him on June 20th, three sacks of coffee were short, and were so marked on the receipt, and when the sacks were found and delivered defendant required him to bring back the receipt it gave for the freight, and marked out the words "three sacks short." The same objections were urged against the admission of this testimony as offered against Beauchamp's testimony; but the court overruled them, and defendant excepted. The plaintiffs were allowed, in rebuttal, to introduce testimony that Carlisle, plaintiffs' wagoner, was "an honest man, and a good and careful driver." The defendant objected and excepted to the admission of this testimony, but the court refused to exclude it from the jury.

There was a verdict and judgment for the plaintiffs, and the defendant appeals, and here assigns as error the various rulings to which it reserved exceptions.

NORMAN & WILSON, for appellant.—The demurrer should have been sustained.—*Pearce v. Pope*, 42 Ala. 319. The testimony as to Carlisle's character was inadmissible.—*Pearsall v. McCartney*, 28 Ala. 125.

W. D. WOOD, *contra.*—The demurrer was properly over-ruled.—*Vaughan v. Robinson*, 22 Ala. 519. There was a direct conflict between Carlisle and other witnesses. Proof of his character was, therefore, competent.

BRICKELL, C. J.—The statement which the plaintiff in an action on an appeal from the judgment of a justice of the peace is required to file in the circuit court, is not subject to the technical rules of pleading. If it shows a substantial cause of action—a debt due, or a contract to be performed and a breach, it is sufficient.—*Mobile & Ohio R. R. v. Williams*, 53 Ala. The duty of a carrier to deliver goods entrusted to him for transportation, springs out of contract, and for his failure to perform an action of assumpsit can be maintained.—1 Chit. Pl. 101. The statement filed by the appellee may well be regarded as in assumpsit, counting on a breach of the contract of the appellant to carry and deliver the goods. Treating it as an action *ex contractu*, the jurisdiction of the justice is undoubted.—R. C. § 841.

If it is true the plaintiffs are prosecuting this suit for the use and benefit of another, whom they hold liable for the value of the goods alleged to be lost, it would not prejudice their right to maintain it. It is not a suit the statute requires to be prosecuted in the name of the party beneficially interested, and if it was, the right of the plaintiffs to maintain it has not been controverted by a sworn plea, the only mode of putting it in issue.—Rule 29, R. C. p. 822. The court properly excluded the evidence of these facts, which was proposed. It was irrelevant and its introduction could have served no good purpose.

The evidence offered was not of a general usage, affecting appellant, because of its generality, notoriety and continued observance. It was of appellant's own course of dealing, in the delivery of freight to consignees or owners—affecting appellant not as a custom in its proper signification affects a party, because of a presumption that by his contract or act he intended to be bound by it, but because it is his own act. The evidence of a party's mode of dealing, is always admissible against him, when relevant to any fact to be ascertained by the jury. The payment of freight by the appellees was a fact which the jury could consider in determining whether the appellant had delivered the goods on which the freight was charged. Delivery of the goods and payment of freight are usually cotemporaneous. It was proper to aid the jury in determining the weight to be attached to the fact of the payment of freight, to prove that appellant's course of dealing was to demand and receive payment before delivery.

In permitting appellees to give evidence that the wagoner, who was their agent in the carriage of the goods received from appellant, was an honest man, and a good and careful wagoner, the court erred. He was a witness on the trial, but there was no impeachment of his character. There may be a conflict between his evidence and that of witnesses for appellant. Such conflicts often arise in the course of trials before juries and must be settled by a careful consideration of the evidence of each witness—the consistency of his testimony, his general demeanor, and the interest or feeling he may have involved. They furnish no ground for admitting general evidence as to character; if they did, trials would be indefinitely prolonged, and the real issues on which the jury should pass, embarrassed and lost sight of in the consideration of mere collateral matter.

For this error, the judgment must be reversed and the cause remanded.