## STUCKEY *v.* WATKINS.

1. The court of ordinary is a court of general jurisdiction, and therefore it is presumed in favor of one of its judgments that every fact necessary to make it valid and binding upon the parties thereto and their privies was before the court.

2. It follows from the foregoing that it is to be presumed in favor of a judgment of this court authorizing, upon the application of an administrator of a decedent's estate, the sale of realty which had been set apart as a homestead under the constitution of 1868 to the decedent during his lifetime, that the court had before it evidence sufficient to authorize it to find that the sale of the property was necessary for the purpose of paying some debt to which it was by law subject. Such a judgment is, therefore, binding upon all the parties to the proceeding in which it was rendered, and their privies, until reversed or set aside in the manner prescribed by law.

Argued November 8, — Decided November 27, 1900.

Complaint. Before Judge Evans. Laurens superior court. January term, 1900.

*James K. Hines* and *Chappell & Baker*, for plaintiff in error.
*A. F. Daley, F. G. Corker*, and *W. R. Daley*, contra.

COBB, J. In 1869 a homestead was set apart to the head of a family under the laws passed in pursuance of the provisions of the constitution of 1868 with reference to homesteads. In 1874 the ad-

ministrator of the estate of the head of the family obtained an or-
der of the court of ordinary authorizing the sale of the realty which
had been set apart as a homestead, and under this order the prop-
erty was sold.   The validity of this order is attacked in the present
case, and it is contended that, under the terms of the paragraph of
the constitution of 1868 which authorizes the setting apart of prop-
erty as a homestead, the order is absolutely void.   That paragraph
provides that "no court, or ministerial officer in this State, shall
ever have jurisdiction, or authority, to enforce any judgment, de-
cree, or execution against said property so set apart — including such
improvements as may be made thereon from time to time — except
for taxes, money borrowed and expended in the improvement of the
homestead, or for the purchase-money of the same, and for labor
done thereon, or material furnished therefor, or removal of encum-
brances thereon."   Con. 1868, art. VII, par. 1, Code 1873, § 5135.
Under the very terms of this provision it was lawful to sell the home-
stead for six specified classes of debts incurred by the head of the
family, and in addition to this it was lawful to sell the homestead
for the payment of any debt which was incurred by the head of
the family before the constitution of 1868 went into effect.  Gunn
v. Barry, 15 Wall. 610, reversing *Gunn* v. *Barry,* 44 *Ga.* 351;
*Jones* v. *Thomas,* 48 *Ga.* 593; *Chambliss* v. *Jordan,* 50 *Ga.* 81;
*Grant* v. *Cosby,* 51 *Ga.* 460; *Wofford* v. *Gaines,* 53 *Ga.* 485.   The
court of ordinary is a court of general jurisdiction so far as matters
relating to the estates of decedents are concerned.   *Bush* v. *Lind-
sey,* 24 *Ga.* 245; *Langmade* v. *Hamilton,* 89 *Ga.* 441; *Dunagan* v.
*Stadler,* 101 *Ga.* 474.   It has the power to authorize the sale of
property of a decedent for the purpose of paying debts or for dis-
tribution.   Civil Code, § 4232 (4).   When this court renders a judg-
ment it is to be presumed, at least until the contrary is shown, that
it had before it all the facts necessary to make the judgment valid
and binding.   This being true, when this court enters a judgment
declaring that certain property of a decedent shall be sold, it is to
be presumed that the sale was ordered for some purpose authorized
by law.   *McDade* v. *Burch,* 7 *Ga.* 559; *Davie* v. *McDaniel,* 47
*Ga.* 195; *Barnes* v. *Underwood,* 54 *Ga.* 87; *Davis* v. *Howard,* 56
*Ga.* 430; *Bailey* v. *Ross,* 68 *Ga.* 735; *Roberts* v. *Martin,* 70 *Ga.*
196; *Dixon* v. *Rogers,* 110 *Ga.* 510.   This being true, when an
order of sale is passed for the purpose of distribution, there is a pre-

sumption that there is no legal obstacle which would prevent the property from being treated as property of the decedent in the hands of the administrator to be administered; and when there is an order authorizing the sale of the property for the purpose of paying debts, there is also a presumption that there are debts due by the estate of the decedent, and that the property ordered to be sold is in law subject to the payment of these debts. So that when it appears that the property ordered to be sold has been, during the lifetime of the decedent, set apart to him as a homestead, there is a presumption that the ordinary passed the order authorizing the sale for the reason that it was made to appear to him that there were debts due by the deceased which were superior to the homestead right. The judgment so rendered is a judgment of a court of competent jurisdiction, and is binding upon all parties to the same and their privies until reversed or set aside in the manner prescribed by law. While the terms of the constitution are very broad, they are not broad enough to authorize a holding, that when a court of competent jurisdiction has before it the question as to whether property set apart as a homestead is subject or not subject to a debt claimed in the proceeding to be one which the law says shall be superior to the homestead, and has before it the proper parties to such a controversy, a judgment so rendered will not be binding upon the parties to the case and their privies. See, in this connection, *Wegman Piano Co.* v. *Irvine*, 107 *Ga.* 65.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*