(78 South. 383)

DARROW v. DARROW. (7 Div. 883.)

(Supreme Court of Alabama. Feb. 7, 1918.)

1. WITNESSES ⬦⟹159(2)—TRANSACTIONS WITH DECEASED PERSON—MARRIAGE.

In a suit to determine which of two persons was the lawful widow of the intestate, Code 1907, § 4007, relating to the competency of parties as affected by interest, did not preclude plaintiff from testifying as to her marriage with decedent, since such testimony did not diminish the assets of the estate, or fasten a liability thereon; the contest being merely between rival claimants to share under the law.

2. MARRIAGE ⬦⟹27—AUTHORITY TO PERFORM —"JUDGE."

Under the Georgia statute, an ordinary is a judge, and may lawfully perform the marriage ceremony.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judge.]

3. DESCENT AND DISTRIBUTION ⬦⟹62—WIDOW'S SHARE—ESTOPPEL.

The mere fact that a widow has kept her marriage secret does not estop her from claiming a share in the husband's estate.

4. APPEAL AND ERROR ⬦⟹524—RECORD—BILL OF EXCEPTIONS—BOOK ENTRIES.

The effect of entries in a daybook introduced in evidence cannot be considered on appeal, where they are not incorporated in the bill of exceptions, although the original book is sent up for inspection.

5. APPEAL AND ERROR ⬦⟹1008(1)—REVIEW—QUESTIONS OF FACT.

The finding of a judge of probate on evidence ore tenus is like a verdict of a jury, and will not be disturbed by the reviewing court, except for grounds which would warrant the setting aside of a verdict of a jury.

Appeal from Probate Court, Etowah County; L. L. Herzberg, Judge.

Suit by Willie Darrow against Dena L. Darrow. Judgment for plaintiff, and defendant appeals. Affirmed.

Culli & Martin, of Gadsden, for appellant. O. D. Street, of Guntersville, for appellee.

ANDERSON, C. J. This cause involves a contest between the appellee and appellant as to which one was the lawful widow of E. J. Darrow, deceased. In other words, as stated in brief of counsel for the appellee:

"The issue in this case has narrowed down to the proposition that appellee must prove by the evidence reasonably that it was the deceased, E. J. Darrow, of Coats Bend, Etowah county, Ala., who was with appellee in Dalton, Ga., on March 20, 1901, and was then and there married to appellee, and that they have never been divorced, before appellee would be entitled to

a decree sustaining her objections and contest in this case."

[1] The appellee was not precluded by the exception contained in section 4007 of the Code of 1907 from testifying as to her marriage with the decedent and the facts connected therewith, for the effect of same did not diminish the assets of his estate, or fasten a liability upon same, as the issue involved a contest merely between rival claimants to take or share in the distribution of the said estate under the law. Nolen v. Doss, 133 Ala. 259, 31 South. 969; Kumpe v. Coons, 63 Ala. 448; Henry v. Hall, 106 Ala. 101, 17 South. 187, 54 Am. St. Rep. 22; Snider v. Burks, 84 Ala. 58, 4 South. 225. The Nolen Case, supra, is practically in point, and the authorities cited by appellant's counsel in no wise conflict with same.

[2] The copy of the marriage license and record from the court of ordinary of Dalton, Ga., was duly authenticated according to the laws of the United States and the state of Alabama. 3 Fed. Stat. Ann. (1st Ed.) p. 39; U. S. R. S. § 906 (U. S. Comp. St. 1916, § 1520); section 3978 of Code 1907; Hawes v. State, 88 Ala. 39, 7 South. 302. Whether or not the identity of the names will or will not establish prima facie proof of identity of this appellee and the deceased matters not, as the appellee proved the identity, and as above noted her testimony was competent. We therefore think that the record, so certified, established a statutory marriage under the laws of Georgia. In fact, this question is not controverted by appellant's counsel, except upon the sole proposition that the ceremony was performed by the "ordinary," and the Georgia statute does not authorize him to do so. The statute as introduced authorizes, among others, "judges," and the statute defining the duties of "ordinary," we think, constitute him a judge, and such a one as could lawfully perform the marriage ceremony. 23 Cyc. 504; Stuckey v. Watkins, 112 Ga. 268, 37 S. E. 401, 81 Am. St. Rep. 47; Finch v. Finch, 14 Ga. 362; Tucker v. Harris, 13 Ga. 1, 58 Am. Dec. 488. We therefore think that the appellee's evidence established a statutory marriage between herself and the decedent, and whether the subsequent acts, conduct, and declarations of the parties would establish a common-law marriage, independent of the record of the statutory one, matters not, though in any event this was evidence at least corroborative of the appellee's claim of a statutory marriage. We also think that the appellee's proof, prima facie, negatived a dissolution of the said marriage prior to the death of the decedent. The proof showed that both parties resided either in Etowah or Marshall counties ever since the marriage in 1901, and appellee said no notice of divorce had ever been served upon her, and if there was a divorce her prima facie case should have been overcome by a resort to the divorce records, which would have disclosed a divorce had one ever been granted.

[3] We are not impressed with the suggestion that the appellee, by keeping her marriage a secret, except on certain occasions, is now estopped from claiming to be the widow of the decedent and of the right to share in his estate. Keeping the marriage a secret did not invalidate same, and was not contrary to public morals, though perhaps indiscreet and unwise, and this fact merely furnishes evidence tending to show no marriage, though by no means conclusive. Hulett v. Carey, 66 Minn. 327, 69 N. W. 31, 34 L. R. A. 384, 61 Am. St. Rep. 419. Moreover, if the appellee had a valid marriage contract with the decedent, the marriage with the appellant was bigamous, on the part of said decedent, and said second marriage was unlawful and void, and the first wife could not be deprived, under the doctrine of estoppel, of her lawful interest in her husband's estate, as the law provides the only method by which she could waive or abandon same. Martin v. Martin, 22 Ala. 86.

[4] The appellant's counsel in brief call our attention to certain entries in a certain daybook kept by the decedent showing that he must have been at home and not at Dalton and Rome at the time of the marriage with the appellee. Whether or not these said entries were genuine, and, if so, were independent evidence of this fact, we need not decide, for if such was the case the probative force and effect of same was for the trial court, and we cannot consider the same upon this appeal, as they do not appear in the bill of exceptions. The fact that the original book was sent up for inspection does not dispense with the necessity of incorporating the said entries in the record sent to this court. So. R. R. Co. v. Leard, 146 Ala. 349, 39 South. 449; Pruitt v. McWhorter, 74 Ala. 315; Wright v. Dunklin, 83 Ala. 317, 3 South. 597; Black v. Pate, 130 Ala. 514, 30 South. 434.

[5] This case was tried by the judge of probate without a jury, and most of the evidence was ore tenus; he heard and saw the witnesses, and his conclusion upon the evidence was like unto the verdict of a jury, and will not be disturbed by the court, except under such circumstances that would warrant us in setting aside the verdict of a jury, and which we would not do in the case at bar upon the evidence as presented by the record. Section 5359 and many practice acts similar thereto as well as the act of 1915, p. 824, have been repeatedly held to be applicable only to cases when the advantages of this court were equal to those of the trial court in considering the evidence, and not to cases where the evidence was ore tenus, or partly so, and the trial court had the benefit of hearing and seeing the witnesses. Bell v. Bell, 183 Ala. 645, 62 South. 833; Saibara v. Yokohama Co., 76 South.

861,[1] and cases there cited; Millner v. State, 150 Ala. 95, 43 South. 194.

We are not unmindful of the fact that the result in this case works a hardship on this appellant, who no doubt innocently entered into, what she supposed, was a legal marriage with the deceased and who remained loyal and faithful to him, nursing and caring for him during his last sickness, while the claims of the appellee are simply legal, and shorn of all moral support, and that this is what may be termed a "hard case," which occasionally, though not often, arises from a strict adherence to cold legal principles, but appellate courts cannot shipwreck the law to avoid results in what may occasionally appear to be a "hard case."

The judgment of the probate court must be affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.