(107 So. 835)

## ALEXANDER v. ALEXANDER.
### (8 Div. 804.)

(Supreme Court of Alabama. March 18, 1926.)

**1. Witnesses ⚙══394—Evidence of character is admissible when witness has been impeached.**

When witness has been impeached as by proof that he made statements out of court contrary to his testimony at trial, evidence of character is admissible.

**2. Witnesses ⚙══394—Evidence of good character of subscribing witnesses in will contest held properly admitted, where they had been impeached.**

In will contest, where subscribing witnesses were questioned as to contradictory statements made out of court contrary to their testimony at trial, which they denied, and proof thereof was introduced, evidence of good character of such witnesses was properly admitted.

**3. Witnesses ⚙══140(7)—Permitting proponent and beneficiary in will contest to testify as to statements made by deceased testator held not violation of statute, as suit affected only distribution of estate (Code 1923, § 7721).**

Permitting proponent and beneficiary in will contest to testify as to certain statements made by deceased testator *held* not violation of Code 1923, § 7721, as estate of decedent would not be increased or diminished as result of suit, but only matter of distribution thereof was involved.

**4. Appeal and error ⚙══690(5)—Any error in admission of evidence of testimony of subscribing witnesses on former trial in will contest held not prejudicial, where it was not shown what evidence disclosed.**

Any error in admitting evidence of written testimony of subscribing witnesses in will contest on former trial *held* not shown to be prejudicial, where it was not shown by record whether such evidence was contradictory or corroborative of testimony of such witnesses on later trial.

**5. Wills ⚙══297(2) — Testator's declarations, corroborative of execution of will and indicating motives prompting its execution in present form, held admissible.**

In will contest, with contested issue as to execution vel non of instrument by testator, declarations of testator, corroborative of execution of will and indicating motives prompting its execution in its present form, *held* admissible.

**6. Appeal and error ⚙══736—Reviewing tribunal need not consider unconnected assignments of errors argued in bulk.**

Where appellant grouped a large number of assignments of error and argued them in bulk, as if presenting the same question, reviewing tribunal need not consider other unconnected assignments therein.

**7. Wills ⚙══293(3)—Evidence of bad feeling existing between testator and mother of contestant, and that testator considered there was hostility toward him on part of her children, held admissible, as tending to show motive in execution of will.**

In suit to contest will, making testator's brother his beneficiary, evidence of bad feeling existing between testator and mother of contestant, and tending to show that testator considered there was hostility toward him on part of her children, who, without execution of will, would have inherited share of testator's estate, *held* admissible as tending to show a motive for execution of will.

**8. Appeal and error ⚙══882(12)—Any error in giving charge for proponent in will contest held unavailable to contestant, where charge was given with contestant's approval.**

Any error in giving charge for proponent in will contest *held* unavailable on appeal to contestant, where counsel for contestant approved charge, and without such approval charge would not have been given.

Appeal from Probate Court, Lawrence County; W. R. Jackson, Judge.

Proceeding by W. A. Alexander to probate the will of L. A: Alexander, deceased, and contest by Myrtle Alexander, by her next friend, Carrie Barker. From a judgment admitting the will to probate, contestant appeals. Affirmed.

W. L. Chenault, of Russellville, and Almon & Almon, of Albany, for appellant.

Evidence of good character is not admissible to repel the imputation of fraud in civil cases. Ward & Thompson v. Herndon, 5 Port. 382;. Pearsall v. McCartney, 28 Ala. 125; Owens v. White, 28 Ala. 413; Rhodes v. Ijames, 7 Ala. 574, 42 Am. Dec. 604; Mobile & G. R. Co. v. Williams, 54 Ala. 168. The mere contradiction of one witness by another, or contradictions not amounting to impeachment, will not authorize proof of good character. Starks v. Comer, 67 So. 440, 190 Ala. 245; McCullars v. Jacksonville O. M. Co., 53 So. 1025, 169 Ala. 582. It was error to admit transcript of evidence on former trial. Woods v. Postal Tel. Co., 87 So. 681, 205 Ala. 236, 27 A. L. R. 834. Evidence as to the relations between the mother of appellant and the testator was incompetent. 31 C. J. 1116; Thomason v. Gray, 4 So. 394, 84 Ala. 559. The proponent could not testify as to transactions or conversations with the deceased. Code 1923, § 7721.

G. O. Chenault, of Albany, for appellee.

Errors which a party induces the court to make are not available to reverse the judgment. Barnewall v. Murrell, 18 So. 831, 108 Ala. 369. When a witness is undertaken to

be impeached, character evidence is admissible. Newton v. Jackson, 23 Ala. 344; Tillie v. State, 52 So. 732, 167 Ala. 107; Towns v. State, 20 So. 598, 111 Ala. 1; Holley v. State,' 17 So. 102, 105 Ala. 100; Lewis v. State, 35 Ala. 380. The estate not being interested, evidence of conversations between the deceased and the proponent were admissible in evidence. Hendricks v. Kelly, 64 Ala. 388; Butler v. Jones, 2 So. 300, 80 Ala. 436; Henry v. Hall, 17 So. 187, 106 Ala. 84, 54 Am. St. Rep. 22; Darrow v. Darrow, 78 So. 383, 201 Ala. 478.

GARDNER, J. This is a contest of the will of L. A. Alexander, deceased, offered for probate by W. A. Alexander, brother of the deceased and beneficiary thereunder. The contest formerly rested upon the ground that the deceased had not executed the writing offered for probate, and also upon the ground that its execution had resulted from undue influence exercised by proponent. Alexander v. Alexander, 94 So. 53, 208 Ala. 291.

The trial following the reversal and remandment of the cause on former appeal narrowed the issue to that of the execution vel non of the instrument by the deceased, and, from the verdict and judgment admitting the will to probate, contestant has prosecuted this appeal.

[1] While there are numerous assignments of error, there are but few questions argued and insisted upon in brief of counsel for appellant. Proponent was permitted by the trial court to offer evidence of the good character of the two subscribing witnesses, and it is insisted this was error. The authorities cited by appellant (among them Railroad Co. v. Williams, 54 Ala. 168; Starks v. Comer, 67 So. 440, 190 Ala. 245) are merely to the effect that a contradiction of the testimony of one witness by others does not justify general evidence as to character. See, also, Hancock v. Hullett, 82 So. 522, 203 Ala. 272. When a witness has been impeached, however, evidence of character is admissible. One of the methods of impeachment is by proof that the witness made statements out of court contrary to his testimony at the trial. Holley v. State, 17 So. 102, 105 Ala. 100; 28 R. C. L. p. 633.

[2] These subscribing witnesses were questioned as to such contradictory statements, which they denied, and proof thereof introduced. Under these circumstances the character evidence offered was properly admitted. Hadjo v. Gooden, 13 Ala. 718; Newton v. Jackson, 23 Ala. 335; Tilley v. State, 52 So. 732, 167 Ala. 107; Holley v. State, 17 So. 102, 105 Ala. 100; Towns v. State, 20 So. 598, 111 Ala. 1. These assignments of error are therefore without merit.

W. A. Alexander was permitted to testify as to certain statements made by the deceased testator, and it is urged that this testimony was inadmissible as in violation of section 7721 of the Code of 1923.

[3] The estate of the decedent will not be increased or diminished as a result of this suit, but only the matter of distribution thereof is involved. The estate is not interested in the result, and this testimony did not contravene the foregoing section of the Code, as disclosed by the following authorities: Dent v. Foy, 98 So. 390, 210 Ala. 475; Hendricks v. Kelly, 64 Ala. 388; Darrow v. Darrow, 78 So. 383, 201 Ala. 477.

[4] Other assignments of error complain of the action of the court in overruling contestant's objection to the introduction in evidence of the written testimony of the subscribing witnesses on former trial of the cause. What this evidence disclosed, whether contradictory or corroborative of the testimony of these witnesses on this trial, is not made to appear, as it is not set out in this record. If there was error (a question unnecessary here to determine), nothing prejudicial to appellant has been shown, and no reversible error could therefore be rested upon such ruling.

[5, 6] In the argument as to these assignments appellant has also placed the eighth assignment, which bears no relation thereto. The subject-matter of that assignment of error, however, so clearly presents a matter properly within the scope of cross-examination of a witness as to need no discussion. Appellant has grouped a large number of assignments of error and argued them in bulk, as if presenting the same question. The major portion of these assignments relate to the admission of declarations of the testator, corroborative of the execution of the will, and indicating the motives prompting its execution in its present form, with particular reference to assignments 30 to 38, inclusive. That this testimony was admissible needs no discussion. There are in this group of assignments other assignments bearing no relation to these or similar questions, and, under these circumstances and the rule here prevailing, a consideration of these other unconnected assignments may be pretermitted. Bush v. Bumgardner, 102 So. 629, 212 Ala. 456.

[7] It appears that Carrie Barker, the mother of contestant, was administratrix of the estate of Luke Alexander, her husband, and brother of testator, and also was administratrix upon the estate of the mother of testator and W. A. Alexander, and that bad feeling existed between testator and Carrie Barker growing out of these administrations. There was also evidence tending to show testator considered there was hostility toward him also on the part of Carrie Barker's children. Without the execution of a will, these children would have inherited their father's share of testator's estate, and we are of the opinion the foregoing evidence was admissible as tending to show a motive in part at least for the execution of the will. Assign-

ments of error, based upon all of these rulings, are not well taken.

[8] The action of the court, in giving for the proponent charge 5, constitutes assignment of error 112. The bill of exceptions discloses, as to this charge, that, before passing thereon, the trial court requested the opinion of counsel for contestant as to its correctness, and that they replied that in their judgment it was a good charge, and, acting upon such advice, the court gave the charge, which without such favorable opinion the court would have refused. Having induced such action, if there was error, it is not now available to appellant. Barnewall v. Murrell, 18 So. 831, 108 Ala. 366.

We have here considered the assignments of error argued by counsel for appellant in their brief, and, finding no reversible error, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.