174 So. 784

## GILLILAND v. DOBBS.

### 7 Div. 390.

Supreme Court of Alabama.

May 6, 1937.

Rehearing Denied June 17, 1937.

368

Isbell & Beck, of Fort Payne, for appellant.

F. F. Windham, of Tuscaloosa, and C. A. Wolfes, of Fort Payne, for appellee.

ANDERSON, Chief Justice.

The appeal in this case was to the Court of Appeals and decided by said court and is before us upon certiorari. This case involves the probation and contest of a will and incidentally the title to land and is not within the jurisdiction of the Court of Appeals. Under the statute (Code 1928, § 7320), however, it should be automatically transferred to this court and we will there-. fore consider it as if submitted to this court originally.

It is sufficient to say that we agree with and adopt the opinion of Samford, J. (which is set out by the reporter), except so much as deals with the proof of the declarations or denials of the testatrix, Mrs. Dobbs, before her death and after the date of the purported will, that she had not made a will, and which seems to be the only point upon which the Court of Appeals deemed reversible error.

True, as stated in the opinion of Samford, J., the authorities are not harmonious as to the admissibility of the declarations of the testator in a contest of his purported will. Some hold they are not admissible unless part of the res gestæ, some only when the will is contested upon the ground of the incapacity of the testator but not upon the execution or forgery of the will. There is still another line, and the apparent weight of authority, to the effect that such declarations are admissible on the issue of forgery of the will, where the issue is raised by other substantial evidence and proof of the declarations is therefore corroborative of other testimony. It seems that our court is committed to and inclined to follow the last-mentioned rule and to which we must now adhere. Alexander v. Alexander, 214 Ala. 291, 107 So. 835; Seale v. Chambliss, 35 Ala. 19.

For a full discussion of this question and the authorities pro and con, we refer to the elaborate note in the case of Brooks v. Creger, 62 A.L.R. 690–698.

The case of Woodroof v. Hundley, 133 Ala. 395, 32 So. 570; Woodruff v. Hundley, 127 Ala. 640, 29 So. 98, 85 Am.St.Rep. 145; is not in conflict with the present holding. There the declarations excluded tended to show a revocation of the will and the court held that such evidence was not proper as no act of revocation had been shown.

Finding no reversible error in the rulings of the trial court, the judgment of the county court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.