15 So.2d 740
#### SLAGLE v. HALSEY.
#### 5 Div. 388.

Supreme Court of Alabama.
Jan. 13, 1944.

Denson & Denson, of Opelika, for appellee.

Paul J. Hooton, of Roanoke, and Hines & Hines, of LaFayette, for appellant.

THOMAS, Justice.

This appeal is by contestant from the probation of a will.

The grounds of the contest were that at the time of the execution of the will, the testator was not of sound mind nor capable of making disposition of her property; that testator was at the time under the domination and control of James Halsey, one of

the devisees under the will; that said purported will was the result and product of said undue influence exercised by him over the mind of said decedent and not the result of the exercise of her own free will and volition, and that the will was the result of fraudulent promises and misrepresentations by Halsey, inducing the execution of the will in behalf of himself and wife.

■ Confusion as to the law is shown to have entered into the trial at the outset as to whether declarations of the alleged testator made before and after the date of the purported will were competent on the issue of fraud in the procurement or forgery of the will. Under the issues here presented, the trend of authority is in favor of declarations of an alleged testator made before and after the date of the purported will, and where such issue is raised by other substantial evidence, proof of such declarations is corroborative of the other testimony. 62 A.L.R. 699.

■ The decisions in this jurisdiction are to the effect that a proponent or beneficiary in a will contest may testify as to certain statements made by deceased testator, and such statements are not held to be a violation of the Code of 1923, § 7721, as the estate of decedent would not be increased or diminished as a result of suit, the distribution thereof only being involved. Alexander v. Alexander, 214 Ala. 291, 107 So. 835; Hanson v. First Nat. Bank, 217 Ala. 426, 116 So. 127, 129; Code 1940, Tit. 7, § 433.

■ The questions propounded by contestant to Mrs. Pearl Slaughter to which the court sustained objection were competent. The record shows a due predicate for the question and a due exception to such ruling was reserved. We may observe that the error of this ruling was not cured by subsequent answers of said witness. It was shown that witness's reasons and observations of a changed mental condition of the alleged testator were rested on facts which she detailed and she should have been permitted to state her observation of such facts.

■ We are of the opinion that there was a sufficient predicate laid for the question: "From your observation of her and talking to her and observing her would you say that she was a person of sound or unsound mind? Proponent: We object, there was no sufficient predicate laid; Court: I

sustain the objection. Contestant, we reserve an exception." A pertinent answer should have been allowed. In this ruling there was error to reverse.

The like question was answered by the contestant's witness Mrs. J. W. Slagle, and denied to contestant's other witnesses,— Mrs. Ellen Slagle, Eunice Brassell, George Slaughter and C. T. Brassell. All these witnesses had opportunity to observe the testator for such time and under circumstances necessary to the formation of a conclusion of a change in Mrs. Key's mental condition. Each stated her or his relation to and opportunity for observation of facts which raised the question on which their opinions were based. The question called for a conviction and expression on which the jury could establish the mental condition of testator. Objections were sustained and exceptions reserved. In such rulings there was error to reverse. Miller v. Whittington, 202 Ala. 406, 409, 410, 80 So. 499; Holman v. Brady, 241 Ala. 487, 491, 3 So. 2d 30.

In Miller v. Whittington, supra [202 Ala. 406, 80 So. 500], the rule is stated that: "On contest of will for undue influence, qualified witness was properly allowed to testify, basing his opinion on his knowledge and information, and on conversations with testator, which he had detailed, that testator was insane."

In Vaughn v. Vaughn, 217 Ala. 364, 365, 116 So. 427, 428, it is observed: " * * * The rule laid down in Burney v. Torrey, 100 Ala. [157] 172, 14 So. 685, 46 Am.St. Rep. 33, as to the admission of non-expert testimony, is that when the witness has had long and intimate acquaintance with another as to enable the formation of a correct—'judgment as to the mental condition of such other person, a witness may give his opinion that the person is of sound mind. * * * To authorize a non-expert to give his opinion of the existence of an unsound condition of mind he must not only have had the opportunity to form a judgment but the facts should be stated upon which it is based. The admission of opinion testimony is an exception to the general rule, and in our judgment the ends of justice require in all cases where the opinion of a non-expert is admissible to show unsoundness of mind, that the facts upon which it is predicated should be stated.'" [Italics supplied.]

See cases cited in Brownlie v. Brownlie, 357 Ill. 117, 191 N.E. 268, 93 A.L.R. 1049, 1050.

We have indicated that these rulings prevented the introduction of material evidence on the questions involving a vitiating influence vel non in procuring the execution of the will. These rulings were in error and necessitate a reversal. There were conflicting reasonable tendencies in the evidence on such issue of undue influence which should have been submitted to the jury and the affirmative instruction in proponent's favor was in error.

Since the case will have to be retried, we will observe that, several questions of fact sought to be propounded to contestant's wife as a witness, as to the testatrix' relation to the parties in interest, their residences and places of labor, were material and competent. The jury should have had all the facts under the grounds of contest tending to show the lack of testamentary capacity, the fraudulent misrepresentations, the domination and control by James Halsey (one of the devisees) over the testatrix, and his activities in procuring the execution of the will. It was error to sustain proponent's objections to the introduction of such testimony.

The questions to Mrs. Slagle, among them: "You had not been told for what purpose you were brought down here or anything else?" and the question and answer touching the activities of Mr. Halsey in preparing for the trip of witness Mrs. Kelly to LaFayette, and at the attorney's office, were material and improperly excluded. The whole picture shown by the facts should have been given to the jury.

Many questions of evidence touching the charge of undue influence in procuring the execution of a will by a party in interest are considered in Little v. Sugg, 243 Ala. 196, 8 So.2d 866. As to competent evidence under the issue of fact presented and the declarations of testator, see Towles v. Pettus, 244 Ala. 192, 12 So.2d 357, 362, 363, and Law v. Law, 83 Ala. 432, 3 So. 752; 68 C.J. p. 1006 and notes.

In Miller v. Whittington, supra, 202 Ala. 406, 410, 80 So. 499, 503, it is said: "This conversation between Judge Grubbs and Olin was further material, under the specification charging that undue influence was exercised by Olin over the testator, that resulted in the execution of the will; it tended to show a part taken by Olin in its preparation or procurement, and had a material bearing as affecting the burden of proof on the issue of undue influence. McElhaney v. Jones, 197 Ala. 303, 312, 313, 72 So. 531; Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 2 Am.St.Rep. 904; Coghill v. Kennedy, 119 Ala. 641, 666, 24 So. 459."

The rule in many jurisdictions relative to declarations of a testator touching the issue of fraud and undue influence is indicated in 67 C.J. 1005, § 776(b).

It is held that testator's declarations touching the execution vel non of the will under the issue of fraudulent or undue influence are competent. Alexander v. Alexander, 214 Ala. 291, 107 So. 835. In Couch v. Hutcherson, 243 Ala. 47, 8 So.2d 580, 141 A.L.R. 697 et seq., certain declarations, illustrating the mental status of a testator, were held to be competent evidence, under a proper issue of fact.

In Gilliland v. Dobbs, 234 Ala. 364, 369, 174 So. 784, 788, the Chief Justice applied this principle to wills, saying: "* * * The apparent weight of authority, to the effect that such declarations are admissible on the issue of forgery of the will, where the issue is raised by other substantial evidence and proof of the declarations is therefore corroborative of other testimony. It seems that our court is committed to and inclined to follow the last-mentioned rule and to which we must now adhere. Alexander v. Alexander, 214 Ala. 291, 107 So. 835; Seale v. Chambliss, 35 Ala. 19."

See also 119 A.L.R. 1368 and note.

We have indicated there were conflicting reasonable tendencies in the evidence on such issue of undue influence in procuring the execution of the will which should have been submitted to the jury. The affirmative charge for proponents should not have been given.

The decree of the probate court is reversed and the cause is remanded for another trial.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.