26439. KILGO v. KEATON et al.

ALMAND, Chief Justice. On January 14, 1970, Harband L. Kilgo, as a bodily heir of Mrs. H. L. Cochran, brought his petition to construe the last will and testament of Mrs. Cochran, naming as defendants other interested heirs of the testatrix. It was alleged that the parties to this case had a hearing in the Court of Ordinary of Fulton County under the provisions of *Code Ann.* §§ 113-2801—113-2805 (procedure to determine heirs and distributees), in which the ordinary attempted to make a construction of the Cochran will, which order, on appeal, was affirmed by Fulton Superior Court. It was alleged that the construction of the will of both the court of ordinary and the superior court that the distribution of the estate to heirs should be per capita and not per stirpes, was not binding because the ordinary was without authority to make such construction. The prayers were that the judgment of the superior court on the appeal from the court of ordinary be declared void and that the court construe the will as to what share of the life interest of Mrs. M. C. Kilgo he was entitled to take.

The defendants filed a motion for a judgment on the pleadings pursuant to the provision of *Code Ann.* § 81A-112 (c) in that the issues sought to be raised by the plaintiff are res judicata by reason of the final judgment in the case of Harband L. Kilgo v. Cochran et al., No. B-25736—Fulton Superior Court of April 8, 1969 (appeal dismissed, 225 Ga. 477).

On the hearing of the motion for a summary judgment it was stipulated that all the parties in the instant proceeding were parties to the 1966 proceeding in the court of ordinary and on appeal to the superior court, and the issue there was as to whether the plaintiff was entitled to his distributive share in the Cochran estate on a per stirpes basis.

The court of ordinary in the 1966 proceeding held that the plaintiff was entitled to his distributive share on a "per capita" basis and this order was affirmed by the superior court on appeal.

The trial court sustained the defendant's plea that the decree of the superior court on April 8, 1969, was res judicata of the issue in the present case. The appeal is from the order granting

defendants' motion for a summary judgment.

We affirm. In the 1966 proceeding the court of ordinary and the superior court had jurisdiction of both the parties and the subject matter and the judgments rendered therein, however irregular or erroneous, are binding until set aside in a manner prescribed by law. *Mitchell v. Arnall,* 203 Ga. 384 (47 SE2d 258); *Stuckey v. Watkins,* 112 Ga. 268 (37 SE 401, 81 ASR 47).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 14, 1971—DECIDED MAY 6, 1971.

*Parks & Eisenberg, David S. Eisenberg,* for appellant.
*Ben F. Sweet,* for appellees.