In this proceeding for the probate of the will of Charles L. Kroutter, Lois Kemp filed a motion for determination of widowhood, requesting that the probate court declare her to have been the common-law wife of Kroutter at the time of his death. Kemp requested a trial by jury; the executor and others filed motions to strike the demand for jury trial, and the probate court granted these motions. After a trial, the probate court determined that Kemp was not the common-law wife of Kroutter. She appeals, arguing as error the striking of her request for jury trial and the granting of a motion in limine based on the Dead Man's Statute, Ala. Code 1975, § 12-21-163.
The issue with respect to the request for jury trial is easily resolved. "There is no common law right to a trial by jury in the probate court. . . ." Ex parte Floyd, 250 Ala. 154,157, 33 So.2d 340, 342 (1947); Hanks v. Hanks, 281 Ala. 92,199 So.2d 169 (1967). The right to a jury trial in probate court depends upon a statutory grant of that right. Id. Kemp has cited no such statutory grant relevant to her claim to be Kroutter's widow, and we have found none. She has not filed a contest to the will, which would carry a right to a jury trial, Ala. Code 1975, § 43-8-190, but has merely filed a claim as an omitted spouse, § 43-8-90. The probate court did not err in striking her request for jury trial.
We note that the only cases cited by Kemp in this portion of her argument, Sherer v. Burton, 393 So.2d 991 (Ala. 1981), andWhite v. Manassa, 252 Ala. 396, 41 So.2d 395 (1949), have no tendency to support her claim to a right to trial by jury in this probate proceeding. We note also the appellees' argument that a petition for writ of mandamus is the proper method to contest an order striking a request for trial by jury. Whitmanv. Mashburn, 286 Ala. 209, 238 So.2d 709 (1970).
Kemp's second argument is that the court erred in granting a motion in limine to preclude her from testifying about statements made by Kroutter about their alleged marriage. The basis of the motion was the Dead Man's Statute, Ala. Code 1975, § 12-21-163:
 "In civil actions and proceedings, there must be no exclusion of any witness because he is a party or interested in the issue tried, except that no person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with, or statement by, the deceased person, *Page 856 
whose estate is interested in the result of the action or proceeding. . . ."
Kemp cites Hanks v. Hanks, supra, as dispositive in holding that "the estate would neither be increased nor decreased by such testimony." The pertinent language in Hanks is:
 "Appellant [Arthur Hanks] contends that the lower court erred in permitting certain of the appellee's witnesses, who were relatives and heirs of Henry Hanks, to testify relative to conversations they had had with decedent. This testimony was directed toward showing that Henry Hanks had made statements to the effect that he and his wife had done everything that Mrs. Hanks had agreed to do in reference to Arthur and that Arthur would get no part of his estate. It is appellant's contention that such testimony was inadmissible under the provisions of Section 433, Title 7, Code of Alabama 1940 (Dead Man's Statute).
 "The present contest is between Arthur claiming as sole heir by adoption, or a contract of adoption, and those respondents who would be distributees of the estate otherwise. A holding in favor of either would not serve to increase or diminish the estate of Henry Hanks. Section 433, supra, therefore would not disqualify any of the witnesses to testify as to any transactions with or statements by the decedent. Clark v. Glenn, 249 Ala. 342, 31 So.2d 507. See also Slagle v. Halsey, 245 Ala. 198, 15 So.2d 740."
281 Ala. at 98-99, 199 So.2d at 175.
Clark v. Glenn, 249 Ala. 342, 31 So.2d 507 (1947), was an action brought by Gladys Clark for revocation of letters of administration that had been granted to E.H. Glenn, the Lee County general administrator. Gladys claimed to be the widow of Bunk Henry Clark, and to be the largest creditor of his estate. The Lee County equity court revoked Glenn's letters, holding that Gladys was entitled to challenge the grant of letters because she was the largest creditor of the estate, but that she was not so entitled as widow of the decedent, there having been no lawful marriage between them. This Court, in affirming, observed that the Dead Man's Statute did not disqualify Gladys from testifying regarding her claim to be the decedent's widow:
 "In seeking to establish a claim against the estate or to support its payment as to a creditor, section 433, Title 7, would apply, but not so in a contest with the heirs and distributees as to whether she should share in the distribution as the widow. In the controversy now before us a holding as to either of those matters would not serve to increase or diminish the estate of decedent. And therefore section 433, Title 7, supra, does not in this proceeding disqualify any of the interested witnesses to testify as to any transactions with or statements by decedent. Hanson v. First National Bank, 217 Ala. 426, 116 So. 127; Alexander v. Alexander, 214 Ala. 291, 107 So. 835; Foy v. Dent, 210 Ala. 475, 98 So. 390; Darrow v. Darrow, 201 Ala. 477, 78 So. 383."
249 Ala. at 346, 31 So.2d at 510.
Of course, because Clark simply concerned the grant of letters of administration, the estate obviously was not "interested" within the meaning of the Dead Man's Statute, and the same holding would not obviously apply in Gladys's attempt to be declared the widow so as to take a share of the estate. Upon inspection of this line of cases, however, we find thatClark correctly stated the law, and that Hanks correctly applied it; i.e., the Dead Man's Statute does not bar testimony affecting the manner in which an estate is to be distributed.
The line of cases on point traces to Kumpe v. Coons, 63 Ala. 448
(1879). Kumpe, applying the Act[1] from which the Dead Man's Statute derives, observed that its primary purpose was to repeal common-law rules making a person who was interested *Page 857 
in the outcome of the suit incompetent to testify. The Court noted the exception regarding statements by or transactions with decedents, but held that the exception did not bar a proponent of a will who was a beneficiary thereunder from testifying regarding the execution of the will:
 "There is by the new statutes a removal of all the disabilities of parties, or privies, or of others, because of interest, or because of the use which may be subsequently made of the verdict or judgment. There is an exclusion only of evidence of a particular character — of transactions with, or statements by, any deceased person, whose estate is interested in the result of the suit. The reason of the exception of evidence of this character, it has often been said, is, `that when there is no mutuality, there should not be admissibility — i.e., when the lips of one party to a contract are closed by death, then the other party should not be heard as a witness.' — 1 Whart.Ev. § 463.
 ". . . In either proceeding — the contest in the Court of Probate, or by bill in a court of equity — the parties claiming under the will are in fact the actors, bound to support it affirmatively, while the heir, or next of kin, is in the relation of a defendant. In either court, the controversy is between living parties. The estate of the testator is not interested. The interests of those claiming to succeed to it, either by operation of law, or by operation of the instrument propounded as a will, are alone involved. . . . Upon all questions involved, the parties are competent witnesses — competent as attesting witnesses, though devisees or legatees — competent to prove any fact which may be involved in the real issue, whether there is a will or not. Such is the policy and purpose of the statutes, which are remedial, and must be so construed that this policy is accomplished."
63 Ala. at 455-56 (emphasis in original; citations omitted). Note that the Court regarded the statute as remedial and that the quotation from Wharton's Evidence referred to contracts.
The holding in Kumpe was followed in Snider v. Burks, 84 Ala. 53,4 So. 225 (1887), and in Henry v. Hall, 106 Ala. 84,17 So. 187 (1895), which noted: "[T]he amendments to the statute have not changed the rule in this respect. — Act of 1890-91, p. 557; Code of 1886, § 2765." 106 Ala. at 101, 17 So. at 193. The cited amendment, 1890-91 Ala. Acts No. 255, brought the Dead Man's Statute to its present form.
Kumpe, Snider, and Henry all concerned will contests. The Court rendered a holding directly on point to the instant case, however, in Nolen v. Doss, 133 Ala. 259, 262, 31 So. 969, 970
(1902):
 "[T]he competency of the wife to testify to the fact of her marriage with the deceased husband is not affected by the exception contained in section 1794 of the Code [of 1896]. The contest here is between the parties claiming to be distributees of the estate — as to whether the appellants are the distributees, or the appellee Julia Doss is the sole distributee. The estate of the decedent is not interested in the result of this controversy within the meaning of the statute."
Nolen involved the final settlement of the administration of Otis Doss's estate, with Julia Doss claiming to be sole distributee as widow.
The Court followed Nolen with an identical holding in Darrowv. Darrow, 201 Ala. 477, 478, 78 So. 383, 384 (1918):
 "The appellee was not precluded by the exception contained in section 4007 of the Code of 1907 from testifying as to her marriage with the decedent and the facts connected therewith, for the effect of same did not diminish the assets of his estate, or fasten a liability upon same, as the issue involved a contest merely between rival claimants to take or share in the distribution of the said estate under the law." *Page 858 
The Court followed Darrow in Rogers v. McLesky, 225 Ala. 148,150, 142 So. 526, 527 (1932), holding that the petitioner, attempting to have exemptions set apart to her as the common-law widow of the decedent, was "not precluded . . . from testifying as to her marriage with the decedent."
Finally, the Court viewed as "well settled" the right of the plaintiff in Vaughan v. Vaughan, 258 Ala. 336, 62 So.2d 466
(1952), to testify, in her action to set aside a divorce decree, as to transactions with her deceased husband and thereby perhaps to share in his estate.
In Jordan v. Copeland, 272 Ala. 336, 131 So.2d 696 (1961), the Court overruled Darrow in regard to the burden of proof of dissolution of a prior marriage, but not in regard to the alleged widow's competence to testify. Otherwise, the cases cited above have not been overruled or questioned in subsequent decisions.
The Court has applied the Kumpe interpretation in a long line of cases. See, e.g. Ambrose v. Vandeford, 277 Ala. 66,167 So.2d 149 (1964); Slagle v. Halsey, 245 Ala. 198, 15 So.2d 740
(1944); Hanson v. First National Bank of Birmingham, 217 Ala. 426,116 So. 127 (1928); Alexander v. Alexander, 214 Ala. 291,107 So. 835 (1926); Dent v. Foy, 210 Ala. 475, 98 So. 390
(1923); Hodges v. Hodges, 201 Ala. 215, 77 So. 741 (1918).
Of those cases holding that the estate was interested in the outcome, several have involved questions as to the validity of a deed allegedly executed by the decedent; the deed, if valid, would have caused the property not to be included in the estate, and the witness claiming under the deed was therefore not allowed to testify. See Redwine v. Jackson, 254 Ala. 564,49 So.2d 115 (1950); Federal Land Bank of New Orleans v.Curington, 233 Ala. 263, 171 So. 361 (1936); Patterson v.Johnson, 225 Ala. 401, 143 So. 560 (1932). Obviously, the estate is interested where the action is a tort claim against the estate. Edwards v. Vanzant, 492 So.2d 990 (Ala. 1986);Stanley v. Hayes, 276 Ala. 532, 165 So.2d 84 (1964). None of these cases is in conflict with those discussed above.
In Walling v. Couch, 292 Ala. 33, 288 So.2d 435 (1973), a divided Court held that the Dead Man's Statute barred testimony by the husband regarding an alleged agreement with his deceased wife whereby she promised to convey to him the proceeds of the sale of a parcel of property. Instead of leaving her property to her husband, she had executed a will leaving it to her sisters. Because enforcement of the alleged agreement would have caused the property to pass outside the estate, Walling
fits the line of authority set forth above. Similarly, Cannonv. Cannon, 345 So.2d 288 (Ala. 1977), held that testimony seeking to reform a deed to the deceased or to establish a constructive trust in the property deeded was barred under the Dead Man's Statute. These examples of cases holding estates to be interested in the outcome do not contradict the Kumpe rule that an estate is not "interested," within the meaning of the Dead Man's Statute, in disputes between rival claimants to the estate.
In conclusion, we hold that the Dead Man's Statute did not bar Lois Kemp from testifying as to her alleged marriage relation with Charles L. Kroutter. Although the testimony may not affect the outcome, we cannot say that the granting of the motion in limine was harmless error under Rule 45, A.R.A.P.; the transcript makes it clear that the court sustained several objections and that Kemp's attorney was narrowly constrained in his questioning of Kemp. We are in no position to judge whether the proposed testimony might have been objectionable in other respects, so the judgment cannot be affirmed on that basis, either.
For the foregoing reasons, the trial court erred to reversal in granting the motion in limine. The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.
[1] As originally enacted, 1866 Ala. Acts No. 403, and as codified, Code 1867, § 2704, the Act read in pertinent part:
 "except that in suits or proceedings by or against executors, or administrators, . . . neither party shall be allowed to testify against the other, as to any transaction with, or statement by the testator, or intestate, unless called to testify thereto by the opposite party."
However, by the time of Kumpe, the exception read:
 "except that neither party shall be allowed to testify against the other, as to any transaction with, or statement by, any deceased person whose estate is interested in the result of such suit. . . ."
Code 1876, § 3058. The pertinent language is substantially the same today. *Page 859